# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

LESLIE JOY MCNEIL,

    Plaintiff,

v.                                            Case No. 5:20-cv-38-RV-MJF

J. GRANTHAM, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Leslie McNeil, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 6). The undersigned recommends that McNeil's complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.[1]

## I.    McNeil's Amended Complaint

McNeil is an inmate of the Florida Department of Corrections currently confined at Florida State Prison. (Doc. 6). McNeil was confined at the Northwest Florida Reception Center ("NWFRC") at the time of the events giving rise to this

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

lawsuit. McNeil is suing three prison officials at NWFRC: Sergeant Grantham, Correctional Officer Pippin, and Captain Shores. McNeil's complaint arises from a slip and fall accident at NWFRC on January 28, 2018.

McNeil alleges that on December 27, 2017, he noticed water leaking from his cell window and a crack in the floor. McNeil notified Defendant Grantham (the housing supervisor) and asked for the leak to be repaired and the water removed. Grantham submitted a work order to the maintenance department to repair the leak, but did not remove the water.

One month later, on January 28, 2018, McNeil jumped down from his top bunk to the floor, slipped in a large puddle of water that had formed from rainfall leaking through the window and crack in the floor, and fell on his back. McNeil alleges that he was unaware it was raining outside and that a large pool of water had formed on the floor. According to McNeil, the fall "caus[ed] momentary paralysis in his lower extremities." (Doc. 6 at 6, ¶ 8). McNeil called for help, and other inmates got Grantham's attention.

Grantham visually assessed McNeil through the cell window and observed him lying on the floor. Grantham ordered McNeil to get up and submit to hand restraints for escort to the medical department. McNeil "tried to explain" that he was in pain and could not move his legs. Grantham communicated that information to the medical department. (*Id*. at 6).

A nurse (Nurse Gurther) responded to McNeil's cell. Gurther could not make an accurate medical assessment through the cell window, so suggested that McNeil come to the medical department for examination. (*Id.*). Grantham ordered Officer Pippin to notify the officer-in-charge, Captain Shores, of the situation. According to McNeil, Shores told Pippin: "If Plaintiff McNeil don't come to the cell door and submit to hand restraints, he will not receive medical treatment outside of submitting a sick call request because a back injury is not a life-threatening injury." (*Id.* at 7, ¶ 14).

Grantham notified McNeil of Shores's response. McNeil claimed that he could not move his legs and that the pain in his back "prevented him from standing up or moving," so Grantham left. (*Id.* at ¶ 15).

Approximately 2½ hours later, McNeil stood up with assistance from his cellmate, walked to the cell door, submitted to hand restraints, and was escorted by Grantham and Pippin to the medical department. Nurse Gurther assessed McNeil's injury as muscle strain and inflammation, and prescribed an analgesic balm and ibuprofen. Gurther also referred McNeil to a medical doctor for further evaluation and treatment. McNeil does not disclose the results of the doctor's evaluation or identify any diagnosed injury. McNeil alleges that he "continues to suffer severe and excruciating pain in his lower back, which impairs his daily physical activities." (*Id.* at 7-8, ¶ 18).

Based on the foregoing allegations, McNeil claims that Grantham and Pippin violated the Eighth Amendment when they failed to remove the water from his cell on December 27, 2017, or reassign him to a different cell. McNeil claims that Grantham, Pippin, and Shores violated the Eighth Amendment after his fall on January 28, 2018, when they required him to come to his cell door and submit to hand restraints for escort to the medical department or use the sick call procedure. As relief, McNeil seeks $125,000.00 from each Defendant ($50,000.00 in compensatory damages and $75,000.00 in punitive damages), the costs of this lawsuit, and any additional relief this court deems appropriate. (*Id*. at 13).

## II.     Screening Under 28 U.S.C. §§ 1915A and 1915(e)

Because McNeil is a prisoner and is proceeding *in forma pauperis*, the court is required to review his amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most

favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see*

*also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III. Section 1983 Standard

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). McNeil claims that the Defendants violated his rights under the Eighth Amendment when they were deliberately indifferent to an unsafe condition of confinement and his serious medical needs.

To establish a deliberate indifference claim for damages under § 1983, an inmate must show that (1) there was a substantial risk of serious harm, (2) the defendant was deliberately indifferent to that risk of harm, and (3) a causal connection between the defendant's conduct and the violation. *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016). The "Eighth Amendment defines the contours of the first two elements and § 1983 delimits the third." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

#### A. <u>Eighth Amendment Standard - Specific Condition of Confinement</u>

The Supreme Court requires a two-prong showing for claims challenging a specific condition of confinement under the Eighth Amendment. The Eleventh

Circuit summarized this standard in *Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004):

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481. Moreover, "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." *Rhodes* [*v. Chapman*], 452 U.S. [336,] 347, 101 S. Ct. [2392,] 2399 [(1981)].

*Chandler*, 379 F.3d at 1289. The second prong of the two-part standard is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.

> Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the *Farmer* Court stated: "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837, 114 S. Ct. at 1979.

*Chandler*, 379 F.3d at 1289-90. "[An] official may escape liability for known risks 'if he responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id*. at 1290 (quoting *Farmer*, 511 U.S. at 844).

### B.      Eighth Amendment Standard - Medical Care

"The Supreme Court has interpreted the Eighth Amendment to prohibit 'deliberate indifference to serious medical needs of prisoners.'" *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (quotation omitted). A serious medical need also may be found when the need is worsened by a delay in treatment. *Id*.; *see also Hill v. DeKalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994) ("Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious."), *overruled in part on other grounds by Hope*

*v. Pelzer*, 536 U.S. 730 (2002). Either way, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. *Mann*, 588 F.3d at 1307.

Deliberate indifference requires a showing of subjective knowledge of a risk of serious harm and disregard of that risk by conduct that is more than negligence. *Danley v. Allen*, 540 F.3d 1298, 1312 (11th Cir. 2008), *overruled in part on other grounds by Iqbal, supra*. An official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay. *See Hill*, 40 F.3d at 1187-88; *Harris v. Coweta Cty.*, 21 F.3d 388, 394 (11th Cir. 1994). "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition and considering the reason for delay." *Hill*, 40 F.3d at 1189.

IV. **McNeil's Amended Complaint Fails to State a Plausible Eighth Amendment Claim Against the Defendants**

    A. <u>**McNeil's Complaint Fails to State a Plausible Eighth Amendment Claim Against Grantham and Pippin for the Slip and Fall Accident**</u>

McNeil seeks to hold Grantham and Pippin liable for his slip and fall accident. To state a plausible claim under the Eighth Amendment, McNeil must show that the water that accumulated on his cell floor posed a substantial risk of serious harm, and

that Grantham and Pippin knew of and disregarded that risk by conduct that is more than negligence. McNeil's allegations fail to satisfy the objective prong.

"[S]lippery floors constitute a daily risk faced by members of the public at large." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004). Federal courts have consistently held that slippery prison floors do not violate the Eighth Amendment. *See Reynolds*, 370 F.3d at 1031 (holding that slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even where the inmate was on crutches and had warned prison employees that he was at heightened risk of falling); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (holding that "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (holding that inmate's claim for monetary damages based on defendants' failure to warn that a leaking or sweating air conditioner made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."); *Robinson v. Cuyler*, 511 F. Supp. 161, 162-63 (E.D. Pa. 1981) (dismissing prisoner's Eighth Amendment claim against prison officials for allegedly hazardous working conditions in prison kitchen caused by slick floor resulting in prisoner sustaining serious injury when he slipped,

fell and was burned by hot food from an overturned pot; concluding that a slippery floor does not inflict cruel and unusual punishment in violation of the Eighth Amendment); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1213 (W.D. Va. 1979) (dismissing prisoner's Eighth Amendment claim based on slipping and falling on slick prison kitchen floor caused by leaking dishwasher, even though prisoner offered proof of prison officials' knowledge of hazardous condition and past serious injuries resulting from slips and falls on the floor), *aff'd mem.*, 618 F.2d 104 (4th Cir. 1980); *see also, e.g., Beasley v. Anderson*, 67 F. App'x 242, 242 (5th Cir. 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Lefall v. Johnson*, 48 F. App'x 104, 104 (5th Cir. 2002) (holding that prisoner's claim that he suffered back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); *Harvey v. Plowman*, No. 3:11cv437-MCR-CJK, 2012 WL 6135818 (N.D. Fla. Nov. 7, 2012) (recommending dismissal of a prisoner's Eighth Amendment claim for injury sustained when prisoner slipped and fell in water on cell floor that accumulated during heavy rain), *Report and Recommendation adopted*, 2012 WL 6138339 (N.D. Fla. Dec. 11, 2012), *appeal dismissed*, No. 13-10018 (11th Cir. July 24, 2013) (stating that plaintiff's appeal was frivolous).

McNeil also cannot satisfy the subjective component of the Eighth Amendment standard. McNeil admits that after he notified Grantham of the leak on December 27, 2017, Grantham submitted a work order to have it repaired. That was a reasonable response. Although McNeil complains that Grantham refused to remove the water that day, he fails to establish how Grantham's refusal to have the floor mopped on December 27 caused him to fall in another pool of water one month later.[2] McNeil's attempt to hold Officer Pippin liable for the slip and fall is remarkable given that, according to McNeil's allegations, Pippin played no role until after the accident occurred. (Doc. 6 at 5-6).

As McNeil's amended complaint fails to state a plausible Eighth Amendment claim against Grantham or Pippin arising from McNeil's alleged slip and fall on January 28, 2018, these claims should be dismissed for failure to state a claim. *See Twombly*, 550 U.S. at 570.

    **B.**   **McNeil's Complaint Fails to State a Plausible Eighth Amendment Claim Against Grantham, Pippin, and Shores for the Delay in Medical Treatment**

McNeil claims that Grantham, Pippin, and Shores were deliberately indifferent to his serious medical needs after the slip and fall, when they required

---

[2] McNeil cannot plausibly allege that Grantham knew water had pooled again on January 28, 2018, because McNeil admits that even he, who was inside the cell, did not see the pool of water and was unaware that rain again had intruded into his cell. (Doc. 6 at 5, ¶ 6).

him to come to the door and submit to hand restraints for escort to the medical department, or use the sick call procedure. McNeil claims that Defendants' response delayed his access to medical care for 2½ hours. McNeil fails to demonstrate, however, how the Defendants' conduct worsened his alleged injury or condition.

McNeil's only claim of injury concerns his initial slip and fall. As discussed above, the slip and fall is, at most, a result of negligence and is not actionable under § 1983. McNeil does not detail how the Defendants' response to the accident made his injuries (muscle strain and inflammation) worse, nor does McNeil detail any injuries that were caused by lying on his cell floor for two hours. Because the facts as pleaded in the amended complaint fail to state a plausible medical deliberate indifference claim based on delay in medical care, McNeil's claims against Grantham, Pippin, and Shores should be dismissed for failure to state a claim. *See Twombly*, 550 U.S. at 570.

## V.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's amended complaint be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 26th day of June, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**